UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JAMES DOUGLAS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-cv-226-HSM-SKL |
| | ) | |
| OFFICER LONG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is a motion and application for leave to proceed in forma pauperis ("IFP") [Doc. 6] filed by pro se prisoner James Douglas Smith ("Plaintiff").

On August 8, 2019, the Court issued an Order advising Plaintiff that he must pay the full filing fee or submit a *complete* application to proceed in forma pauperis ("IFP"). While Plaintiff had previously submitted an IFP application, it was incomplete in part because he failed to include the required certified copy of his inmate trust account for the previous six-month period pursuant to 28 U.S.C. § 1915(s)(2). Plaintiff was given thirty (30) days to either pay the full filing fee or submit the required documents, namely the certified copy of his inmate trust account for the previous six-month period [Doc. 7 at Page ID # 35].

Plaintiff was warned in the August 8 Order that his failure to submit the required documents within **30 days** would result in (1) his being assessed the full amount of the filing fee because the Court would conclude that Plaintiff is not a pauper, and (2) his case would be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b). The Court's August 8 Order was mailed to Plaintiff at his custodial address on record at the time the Order was entered. In an abundance of

caution, the August 8 Order was again mailed on October 31, 2019 to the new custodial address Plaintiff later provided [Doc. 8].

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

The time to comply with the Court's August 8 Order has now passed. Plaintiff has failed to comply with the Court's Order to submit the required documents. Because he has indicated some difficulty complying with the Warden's requirements for obtaining his documentation [s*ee* Doc. 8], I do not recommend dismissal with prejudice at this time. However, given that this is one of some 25 complaints filed by Plaintiff over the course of several years—18 of which were

filed this year alone—all dismissed for the same or similar reasons, I **RECOMMEND**[1] that (1) Plaintiff be **ASSESSED** the full filing fee of $400.00; (2) this action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution; (3) the Court **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous; and (4) should Plaintiff file a notice of appeal, he be **DENIED** leave to appeal in forma pauperis. *See* 28 U.S.C. § 1915(a); Fed. R. App. P. 24; Fed. R. Civ. P. 41(b).

    ENTER.

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE

---

[1] Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).